UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL LEE, on behalf of himself and all others similarly-situated,<br><br>**Plaintiffs,**<br><br>vs.<br><br>**MIDWEST TECHNICAL INSTITUTE, INC.**<br><br>**Defendant.** | JURY DEMANDED<br><br><br><br>Case No.: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Lee, on behalf of himself and all others similarly-situated, hereby files this Complaint against Defendant, Midwest Technical Institute, Inc., and states the following:

### INTRODUCTION

1.  This is an action for failure to pay overtime wages pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2.  The Fair Labor Standards Act ("FLSA") was enacted to ensure "a fair day's pay for a fair day's work." *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942).

3.  Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4.  The FLSA was passed in 1938, during this country's first Great Depression. Section 7(a)'s overtime requirement was a way of applying financial pressure to spread employment. *Missel*, 316 U.S. at 578.

5. As explained by Justice Reed, "[i]n a period of widespread unemployment and small profits, the economy inherent in avoiding extra pay was expected to have an appreciable effect in the distribution of available work." *Id.* In other words, the FLSA's overtime requirement was not intended to force employers to pay *more* per hour but rather to ensure that companies paid *less* by incentivizing them to employ more people.

6. In this case, the Defendant violated the FLSA by misclassifying Plaintiff as exempt from Section 7(a) and failing to pay him, and others similarly-situated, the appropriate overtime rate for all of his hours worked in excess of forty (40) each week.

7. Defendant's violations of the FLSA's overtime provisions harm the American economy, contribute to the depression of wages and fuel continued unemployment.

### STATEMENT OF FACTS

8. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

9. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Sangamon County, Illinois, among others.

10. Defendant is a for-profit corporation incorporated in the State of Illinois.

11. Defendant has been doing business since 1995 and offers vocational training in more than a dozen mechanical trade and applied health career fields. *See* Defendant's websites, available at:

http://www.midwesttech.edu/Disclosures/gainful-employment.html and

http://deltatechnicalcollege.com/Disclosures/gainful-employment.html.

12. Defendant operates campus facilities in Illinois, Indiana, Mississippi and Missouri. *See* Defendant's websites, available at:

http://www.midwesttech.edu/School-History/school-history.html and

http://deltatechnicalcollege.com/School-History/school-history.html.

13. Defendant's President and Administrative Headquarters are located in Springfield, Illinois.

14. Delta Technical College is an assumed name of Defendant.

15. Defendant operates in Mississippi as Delta Technical College.

16. Defendant operates in Illinois, Indiana and Missouri as Midwest Technical Institute.

17. At all times material, Defendant grossed more than $500,000 per year in gross sales or business done.

18. Defendant employed two or more employees engaged in interstate commerce as Defendant's employees:

    a. Regularly used interstate mail, facsimile, telephone lines and e-mail in the carrying out of Defendant's business;

    b. Regularly communicated across state lines in the carrying out of Defendant's business;

    c. Regularly interacted with Defendant's interstate clientele and vendors; and

    d. Produced goods (i.e. degrees) to be used in interstate commerce.

19. Defendant is an enterprise as defined by the Fair Labor Standards Act.

20. Defendant is an employer as defined by the Fair Labor Standards Act.

21. Plaintiff Lee is a resident of the State of Mississippi.

22. Defendant hired Plaintiff Lee in approximately September 2014 as an "Admissions Representative" in Mississippi.

23. Plaintiff Lee worked for Defendant from approximately September 2014 until approximately October 2015.

24. Plaintiff regularly worked more than forty (40) hours per work week during his employment, sometimes averaging up to sixty (60) hours per week.

25. Defendant told Plaintiff and other similarly-situated employees that they would be paid on a salary basis and that they were exempt from the payment of overtime. *See* paystub of Plaintiff attached hereto as Exhibit A.

26. Plaintiff's primary job responsibility was routine and clerical in nature, including contacting prospective students and inputting forms and contact information into Defendant's applicant database.

27. Plaintiff was not primarily responsible for performing work related to the management of Defendant's enterprise.

28. Plaintiff did not exercise discretion or independent judgment with respect to any matters of significance as related to the management of Defendant's enterprise.

29. Plaintiff did not supervise two or more full time employees during his employment with Defendant.

30. Plaintiff did not have the authority to hire or fire Defendant's employees or to make recommendations regarding the same.

31. Plaintiff did not have the authority to determine which students were admitted to study at Defendant's campuses.

32. Plaintiff did not make sales on behalf of Defendant.

33. Plaintiff did not sign contracts on behalf of Defendant.

34. Defendant failed to pay Plaintiff and others similarly-situated time and one half their regular hourly rates for all of their overtime hours worked each week.

35. The persons similarly-situated to Plaintiff for the purposes of this action are all other "Admissions Specialists" and/or "Admissions Representatives" and/or employees who performed work similar to that performed by Plaintiff Lee who worked for the Defendant during the applicable statutory period, who worked more than forty (40) hours during one or more work weeks of their employment with Defendant and who were subject to Defendant's company-wide policy and practice of misclassifying its employees as exempt from the FLSA's overtime provisions.

36. Plaintiff and all others similarly situated are individually covered by the FLSA by virtue of their regular interaction with interstate clientele and their regular use of interstate telephone, fax, and internet in the performance of their duties.

37. Defendant did not maintain accurate records of all the hours worked by Plaintiff and others similarly situated.

38. Defendant knew or had reason to know that Plaintiff worked in excess of forty (40) hours per week during one or more work weeks of his employment.

39. To the extent they exist, Defendant is in exclusive possession of the majority of the records reflecting the amounts paid and hours worked by Plaintiff and others similarly situated.

40. Defendant did not rely upon any Department of Labor Wage and Hour Opinions in creating the pay structures of Plaintiff and others similarly situated.

41. Defendant did not rely upon the advice of counsel in creating the pay structures of Plaintiff and others similarly situated.

42. Defendant knew its conduct violated the Fair Labor Standards Act or acted in reckless disregard for its provisions.

## COUNT I – UNPAID OVERTIME WAGES

43. Plaintiff reincorporates and adopts the allegations in paragraphs 1-42 above.

44. Plaintiff Lee was an employee of Defendant.

45. Defendant was Plaintiff's employer as defined by the FLSA.

46. Defendant is a covered enterprise as defined by the FLSA.

47. Plaintiff and others similarly situated are individually covered by the FLSA.

48. Plaintiff and others similarly-situated regularly worked in excess of forty (40) hours per week for Defendant.

49. Defendant failed to pay Plaintiff and others similarly situated time and one half their regular hourly rate for all hours worked in excess of forty (40) each week in violation of Section 7(a) of the FLSA.

50. Defendant had a uniform policy and practice of failing to pay their Admissions Specialists proper overtime compensation.

51. Defendant had a uniform policy and practice of misclassifying their Admissions Specialists as exempt from the overtime provisions of the FLSA.

52. Plaintiff suffered harm and continue to suffer harm in the form of unpaid wages as a result of Defendant's violations.

53. Plaintiffs are owed additional compensation in the form of unpaid overtime wages.

54. Defendant's violations of the FLSA were and continue to be willful.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated requests conditional certification of a class of all similarly-situated employees pursuant to Section 216(b) of the FLSA, an order permitting Notice to all potential class members, entry of judgment in his favor and against Defendant, as well as payment of all wages owed, an equal amount in liquidated damages, payment of his attorneys' fees and costs, and all other relief as required by 29 U.S.C. §§ 207(a) and 216(b).

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 10th day of December, 2015.

                                            Respectfully Submitted,

                                            s/ Jac A. Cotiguala
                                            Attorney for Plaintiff

Jac A. Cotiguala
Jac A. Cotiguala & Associates
431 South Dearborn Street, Suite 606
Chicago, IL 60605
Telephone: (312) 939-2100